NO. 07-00-0563-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2001

______________________________

FELTON D. WHITE,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433,133; HON. CECIL G. PURYEAR, PRESIDING

________________________________

Before Boyd, C.J., and Quinn and Reavis, JJ.

Felton D. White attempts to appeal from a judgment under which he was convicted of capital murder and sentenced to life in prison.  The judgment was entered pursuant to his guilty plea and plea bargain with the State.  Furthermore, the trial court’s decision and sentence comported with the terms of the plea bargain.  So too did the trial court deny appellant leave to appeal.  

Because appellant had pled guilty and the trial court had followed the plea agreement, appellant was obligated to file a notice of appeal comporting with Texas Rule of Appellate Procedure 25.2(b)(3).  In other words, the notice of appeal had to state that 1) the appeal involved jurisdictional defects, 2) the substance of the appeal was raised by written motion which the court ruled on before trial, or 3) the court granted permission to appeal.  However, the document filed by appellant does not contain any of those statements.  Consequently, it did not vest this court with jurisdiction to consider the appeal.  
Lowe v. State
, 997 S.W.2d 670, 672 (Tex. App.--Dallas 1999, no pet.).
(footnote: 1) 

Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

FOOTNOTES
1:
Furthermore, with the advent of 
Cooper v. State
, No. 1100-99 (Tex. Crim. App. April 4, 2001) we can no longer consider allegations that the plea was involuntary in circumstances like those at bar.